PARCHER v DETROIT EDISON COMPANY

Docket No. 161576. Submitted January 11, 1995, at Detroit. Decided January 24, 1995; approved for publication March 22, 1995, at 9:15 A.M. Leave to appeal sought.

Theodore R. Parcher, Jr., and Yvonne M. Parcher, for herself and as next friend of Amanda M. Parcher, brought an action in the Lapeer Circuit Court against The Detroit Edison Company, alleging negligence by Detroit Edison in connection with injuries sustained by Theodore Parcher when an uncollapsed twenty-nine-foot scaffolding he was transporting on a forklift at a construction project came in contact with a Detroit Edison electrical line that was thirty-five feet above the ground and sixty-seven feet from the building site. The court, Martin E. Clements, J., granted summary disposition for Detroit Edison, concluding that the injury was not foreseeable and that no duty of care was owed. The plaintiffs appealed.

The Court of Appeals *held*:

Detroit Edison, which knew about the construction project, could not have foreseen the injury or owed an actionable duty of care, given that there was sufficient room at the site in which to work and the injured plaintiff understood the dangers associated with the power line and chose not to collapse the scaffolding before transporting it.

Affirmed.

*Michael J. Mangapora, P.C.* (by *Robert D. Kent-Bryant*), for Theodore R. Parcher, Jr., and Yvonne M. Parcher.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*) (*Walter S. Schwartz,* of Counsel), for The Detroit Edison Company.

Before: CONNOR, P.J., and WAHLS and SAAD, JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's order granting summary disposi-

tion in favor of The Detroit Edison Company (hereafter defendant). On appeal, plaintiffs claim that defendant should have foreseen the injuries that resulted and that it owed a duty to plaintiff Theodore Parcher. We affirm.

In July of 1990, Theodore Parcher (hereafter plaintiff) sustained serious and permanent injuries after a scaffolding he was transporting on a forklift came in contact with an electrical wire owned by defendant. At the time of the accident, plaintiff was working on the construction of a Kroger store, and the uncollapsed scaffolding he was transporting was twenty-nine feet high. The electrical wire was thirty-five feet off the ground and sixty-seven feet from the building site. The evidence established that Detroit Edison was aware of the building project and that one of its poles would have to be moved in order to accommodate the parking lot at the new store. Detroit Edison was not in violation of any safety regulations at the time of the accident, but, by operating the forklift within ten feet of the wire, plaintiff had violated safety standards adopted pursuant to MCL 408.1016; MSA 17.50(16) as 1979 AC, R 408.11936. A few days before the accident, the electrical foreman had warned workers of the wire, and plaintiff was aware of the location of the wire.

The trial court ruled that defendant did not owe plaintiff a legal duty to move, insulate, or de-energize the power line, or warn him of the power line, and concluded that the accident was not foreseeable. Specifically, the trial court stated:

> These were high wires placed before construction ever began and served the whole area—to place that type of burden on the Defendant is unreasonable. That leaves us with the question of whether Defendant should have made some type of

warning. What warning? That workers should not raise a backhoe with metal items to touch a wire? Any person, let alone, a construction worker knows of the inherent danger of that activity. There was no legal duty of Defendant and the event was not foreseeable.

We believe the trial court's conclusion is correct.

This Court reviews de novo a trial court's determination regarding motions for summary disposition. *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 678; 499 NW2d 419 (1993), aff'd 446 Mich 482 (1994).

In *Koehler v Detroit Edison Co*, 383 Mich 224, 231; 174 NW2d 827 (1970), the Michigan Supreme Court affirmed the trial court's finding that Detroit Edison had not been negligent in connection with the death of an ironworker who came in contact with a power line. The *Koehler* Court noted that there was sufficient room in which to work, and that the ironworker understood the danger involved with the power line. *Id.* Further, the Supreme Court noted that "there was no reason to expect trouble from the line or to alert Detroit Edison that a crane was to be used" and that "Detroit Edison was not apprised of the operation or requested to take any precautions." *Id.* The *Koehler* Court concluded by stating:

> The mere fact that Detroit Edison knew a building was under construction near its power line and that, from time to time, mobile cranes were being brought upon the premises to be used in construction work, would not, standing alone, create a duty upon Detroit Edison to remove the charge, insulate the line, or notify the parties of a dangerous condition. [*Id.*]

Plaintiff has cited *Schultz v Consumers Power*

*Co,* 443 Mich 445, 451; 506 NW2d 175 (1993), in which the Supreme Court held that an electric company must exercise reasonable care to reduce potential hazards as far as practicable. However, we do not believe the instant case is controlled by *Schultz.* In *Schultz,* an uninsulated, dilapidated wire was situated approximately fifteen feet from a house, at a height of twenty-four feet. The decedent had been using a twenty-seven-foot metal ladder to paint the house when electrical current came in contact with the ladder, electrocuting him. The *Schultz* Court iterated that "compelling reasons mandate a company which maintains and employs energized power lines must exercise reasonable care to reduce potential hazards as far as practicable." *Id.* The *Schultz* Court outlined three reasons, including the fact that electrical energy is inherently dangerous and that electric utility companies possess expertise in dealing with and delivering electricity. *Id.* Therefore, *Schultz* concluded,

> pursuant to its duty, a power company has an obligation to reasonably inspect and repair wires and other instrumentalities in order to discover and remedy hazards and defects. [*Id.*]

The *Schultz* Court also ruled the accident was foreseeable because of the proximity of the frayed wire to the house and because it should have been anticipated that homeowners generally maintain their homes. *Id.* at 452-453.

In the instant case, the wire at issue was sixty-seven feet from the building site and was thirty-five feet high. There was no allegation of insufficient work space; the evidence indicates that at the time plaintiff backed into the wire, he was maneuvering around a pile of debris collected by other workers. Further, evidence showed that

plaintiff could have collapsed the scaffolding before transporting it, but elected not to. Plaintiff was aware of the location of the wire and had been warned to avoid it. Under the circumstances, we cannot find that defendant owed plaintiff a duty. Pursuant to *Schultz, supra* at 451, a power company must act reasonably in inspecting its wires in order to discover and remedy hazards. We believe that to impose a duty under these facts would be unreasonable and unwarranted.

Affirmed.