STATE TREASURER v SHEKO

Docket No. 179277. Submitted June 20, 1996, at Detroit. Decided August 6, 1996, at 9:25 A.M. Leave to appeal sought.

The State Treasurer brought an action in the Wayne Circuit Court against Patrick Sheko, a prisoner subject to the jurisdiction of the State Department of Corrections, pursuant to the State Correctional Facility Reimbursement Act (SCFRA), MCL 800.401 *et seq.*; MSA 28.1701 *et seq.*, to recover, as reimbursement for the cost of the defendant's incarceration, ninety percent of a check for $2,620.57 held by the defendant's attorneys that represented the defendant's share of an arbitration award received by the defendant. The defendant responded, alleging that he has a common-law right to prefer creditors and that his preference is to use the money to pay a debt that he owes his brother. The court, Pamela R. Harwood, J., granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals *held*:

1. Even if the defendant has a common-law right to prefer creditors, no such right exists in an action brought under the SCFRA. A prisoner cannot impede the state's clear statutory right to reimbursement by claiming that he would prefer to use his assets to pay the obligation of his choice.

2. The trial court did not err in granting summary disposition before discovery was complete.

Affirmed.

PRISONS AND PRISONERS — REIMBURSEMENT OF COST OF INCARCERATION — PREFERENCE REGARDING CREDITORS.

The State Correctional Facility Reimbursement Act creates an obligation on the part of a prisoner to pay the cost of care during incarceration and a right on the part of the state to reimbursement for such cost; any common-law right that the prisoner may have to prefer creditors does not apply to actions under the act and the prisoner may not impede the state's right to reimbursement by claiming that he would prefer to use his assets to pay the obligation of his choice (MCL 800.401 *et seq.*; MSA 28.1701 *et seq.*).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Paul L. Bricker*, Assistant Attorney General, for the plaintiff.

Prison Legal Services of Michigan, Inc. (by *Sandra Girard*), for the defendant.

Before: WAHLS, P.J., and MURPHY and C. D. CORWIN,* JJ.

MURPHY, J. Defendant, Patrick Sheko, appeals the trial court's grant of summary disposition for plaintiff pursuant to MCR 2.116(C)(9) (failure to state a valid defense) and MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

In September 1991, defendant was in jail and was unable to make the payments due on his house. Defendant's brother agreed to lend defendant the $4,050 due on the house. In return, defendant agreed to repay his brother out of proceeds defendant was to receive from the settlement of a lawsuit in which he was involved.

On November 13, 1991, defendant was sentenced to prison and became subject to the jurisdiction of the Michigan Department of Corrections. Subsequently, plaintiff became aware that defendant's attorneys were holding a check for defendant in the amount of $2,620.57, representing defendant's share of an arbitration award in settlement of the lawsuit. Plaintiff then instituted this action pursuant to the State Correctional Facility Reimbursement Act (SCFRA), MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

800.401 *et seq.;* MSA 28.1701 *et seq.,* to recover the amount of the check.[1]

Plaintiff filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and (10), arguing that defendant had failed to assert a tenable defense and no factual development could defeat plaintiff's right to recovery. The trial court granted plaintiff's motion and issued an order requiring defendant's attorneys to turn over to plaintiff $2,358.51, ninety percent of the amount of defendant's settlement check.[2]

Defendant appeals as of right. We review the trial court's grant of summary disposition de novo. *Parcher v Detroit Edison Co,* 209 Mich App 495, 497; 531 NW2d 724 (1995).

On appeal, defendant argues that the trial court's grant of summary disposition for plaintiff was error because the trial court failed to consider defendant's common-law right to prefer creditors; defendant's preference being that the arbitration award be used to pay his brother. Defendant cites several cases in support of his claim. For example, our Supreme

---

[1] The SCFRA allows the state to secure reimbursement, from the assets of a prisoner, for the expenses incurred by the state for the cost of care of the prisoner during the entire period of his incarceration. MCL 800.404(8); MSA 28.1704(8). The act defines "assets" as any "property, tangible or intangible, real or personal, belonging to or due a prisoner or former prisoner including income or payments to such prisoner from social security, worker's compensation, veteran's compensation, pension benefits, previously earned salary or wages, bonuses, annuities, retirement benefits, or from any other source whatsoever," MCL 800.401a(a); MSA 28.1701(1)(a), and "cost of care" as "the cost of the department of corrections for providing transportation, room, board, clothing, security, medical, and other normal living expenses of prisoners under the jurisdiction of the department," MCL 800.401a(b); MSA 28.1701(1)(b).

[2] MCL 800.403(3); MSA 28.1703(3) provides that "[n]ot more than 90% of the value of the assets of the prisoner may be used for purposes of securing costs and reimbursement under this act."

Court stated in *Scripps v Crawford*, 123 Mich 173, 178; 81 NW 1098 (1900): "It is not the province of a court to prefer creditors. That is a privilege of the debtor." However, *Scripps* and the other cases cited by defendant are not on point because they deal with debts between private parties. Whereas, in this case, we have a statutory duty on the part of defendant, a state prisoner, to pay for the cost of his incarceration. *Dep't of Treasury v Turner*, 110 Mich App 228, 231; 312 NW2d 418 (1981). Even assuming, arguendo, that defendant has a common-law right to prefer creditors, we find that no such right exists in an action brought under the SCFRA.

While we will not abrogate the common law through implication, *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 653; 513 NW2d 799 (1994), the mandate of the SCFRA is plain. The act clearly creates an obligation on the part of the prisoner and a right to reimbursement in the state. Because the Legislature is presumed by the courts to legislate with an understanding of common-law principles, *Nummer v Dep't of Treasury*, 448 Mich 534, 544; 533 NW2d 250 (1995), we find that any common-law right defendant may have had to prefer creditors does not apply to actions under the SCFRA. Accepting defendant's position would lead to the absurd result of the state receiving reimbursement only when a prisoner has no other financial obligations or, having other financial obligations, does not object to the state securing reimbursement from the prisoner's assets. We decline to interpret the act in such a manner. *Densmore v Dep't of Corrections*, 203 Mich App 363, 364; 512 NW2d 72 (1994). Our interpretation is supported by the fact that MCL 800.404(5);

MSA 28.1704(5) requires the circuit court to "take into consideration" any legal or moral obligation the prisoner may have to support dependents, but does not allow the prisoner the opportunity to choose to pay these support obligations instead of or before his statutory obligation to reimburse the state for the cost of his care. Also, the fact that our Supreme Court has stated that the statutory obligation created by the SCFRA is not a "personal judgment or liability against the prisoner," but "a lien upon his estate," *Auditor General v Hall*, 300 Mich 215, 221; 1 NW2d 516 (1942), and that when acting pursuant to the SCFRA, the state is not a "creditor," *Auditor General v Olezniczak*, 302 Mich 336, 350; 4 NW2d 679 (1942),[3] lends credence to our conclusion.

In sum, we hold that a prisoner cannot impede the state's clear statutory right to reimbursement by claiming that he would prefer to use his assets to pay the obligation of his choice.

Next, defendant argues that the trial court erred in granting summary disposition before discovery was complete. We disagree.

Because defendant failed to file a motion to compel plaintiff to respond to his interrogatories concerning the actual cost of care of defendant's incarceration, defendant has waived this issue absent manifest injustice. *Masters v Highland Park*, 97 Mich App 56, 59; 294 NW2d 246 (1980).

---

[3] In *Olezniczak, supra* at 350, our Supreme Court relied on *In re Lewis' Estate*, 287 Mich 179, 186-187; 283 NW 21 (1938), in which it was held that the state was not barred by 38 USC 454a, which exempted veterans' pension payments from the claims of creditors, from seeking reimbursement under 1929 CL 6894, for the care and maintenance of Lewis, a ward of a state mental hospital, and applied its holding, by analogy, to the SCFRA.

Generally, summary disposition is premature if granted before discovery on a disputed issue is complete. *Dep't of Social Services v Aetna Casualty & Surety Co*, 177 Mich App 440, 446; 443 NW2d 420 (1989). However, summary disposition is not premature if the discovery does not stand a fair chance of uncovering factual support for opposing the motion for summary disposition. *Id.* at 446-447.

In the present case, there does not appear to be a fair chance of uncovering factual support for defendant's claim that his actual cost of care for his minimum twenty-year sentence will not exceed $2,358.51. We find no manifest injustice.

The trial court did not err in granting plaintiff's motion for summary disposition.

Affirmed.