COBLENTZ v CITY OF NOVI

Docket No. 255359. Submitted October 12, 2004, at Detroit. Decided November 23, 2004, at 9:20 a.m. Leave to appeal sought.

Ann Coblentz and others brought an action in the Oakland Circuit Court against the city of Novi, seeking to compel production of documents not produced in response to the plaintiffs' requests under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.* The plaintiffs' requests related to a settlement agreement the defendant had previously entered into with a limited partnership by which the defendant transferred a parcel of land to the limited partnership. The court, Fred M. Mester, J., entered an order granting the defendant's motion for summary disposition, finding that the global positioning satellite readings and site plans concerning the property that the plaintiffs requested did not exist and that the exhibits intentionally deleted from the settlement agreement were no longer relevant. The court also entered an order determining that the side letters between the defendant and the limited partnership that the plaintiffs requested were exempt from disclosure under MCL 15.243(1)(f). The plaintiffs moved for reconsideration of the orders. The court denied reconsideration and decided that the defendant properly charged the plaintiffs attorney fees related to disclosure under the FOIA. The plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court erred in determining that the defendant need not produce the deleted exhibits after finding they were no longer relevant. Lack of relevance is not included among the exemptions from disclosure listed in MCL 15.243. The trial court reached the correct result, however, albeit for the wrong reason. The plaintiffs had requested the exhibits to the settlement agreement, which the defendant provided. The deleted exhibits were not referred to in the settlement agreement and were not part of it.

2. The trial court properly granted summary disposition concerning the request for the global positioning satellite readings and site plans. The defendant supported its motion with an affidavit stating that the readings and site plans did not exist, thus shifting the burden to the plaintiffs to demonstrate a genuine issue of

material fact. The plaintiffs failed to provide any factual support for their allegations that the readings and site plans existed.

3. Summary disposition is not premature before completion of discovery if discovery does not stand a fair chance of uncovering factual support for opposing the motion. The plaintiffs argued that they did not have an opportunity to depose the defendant's mayor, who asserted by affidavit that the readings and site plans did not exist, but the plaintiffs offered no evidence or indication that the mayor would change his testimony if deposed.

4. The side letters were exempt from disclosure under MCL 15.243(1)(f) because they were submitted upon a promise of confidentiality by the mayor and city manager, and contained financial or commercial information voluntarily submitted to the defendant by the limited partnership that implicated governmental policies concerning the defendant's settlement of litigation and the public use of land. The plaintiffs offered no evidence to controvert the defendant's proofs that the side letters were submitted upon a promise of confidentiality. While the defendant did not place a description of the side letters on file in a central location until approximately five months after the settlement agreement was entered, the defendant and the limited partnership had continued to negotiate after entering the agreement, so the defendant filed the description of the side letters within a reasonable time as required by MCL 15.243(1)(f).

5. The trial court properly allowed the defendant to charge the plaintiffs attorney fees for reviewing the side letters and determining those exempt from disclosure. The attorney, retained by the defendant to do legal work on its behalf, was an employee of the defendant for purposes of MCL 15.234, which authorizes certain costs of disclosure under the FOIA.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — FEES FOR PROVISION OF RECORDS — EMPLOYEE.

An attorney retained by a public body to do legal work on its behalf is an employee of the public body for purposes of the provision of the Freedom of Information Act that allows a public body to charge for providing a public record (MCL 15.234).

*Law Offices of Bailey & Rossi, P.C.* (by *Gary A. Rossi* and *Richard D. Wilson*), for the plaintiffs.

*Secrest, Wardle, Lynch, Hampton, Truex and Morley* (by *Gerald A. Fisher, Thomas R. Schultz,* and *David W. Gilliam*) for the defendant.

Before: Wilder, P.J., and Hoekstra and Owens, JJ.

Per Curiam. Plaintiffs appeal as of right orders finding certain documents exempt from disclosure under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; granting defendant's motion for summary disposition; and denying plaintiffs' motions for reconsideration and determination of the appropriateness of costs charged under the FOIA. We affirm.

This case centers on plaintiffs' FOIA requests for information regarding a settlement agreement in which defendant transferred a seventy-five acre parcel of property to Sandstone Associates Limited Partnership-A (Sandstone). Plaintiffs requested all exhibits to this agreement, including those listed as having been intentionally deleted; all side letters (also called "side agreements") between the parties; and any global positioning satellite readings (global readings) and site plans dealing with the property transferred. Although defendant turned over the exhibits and several side letters, it refused to disclose two others and asserted that the deleted exhibits and the site plans and global readings requested by plaintiffs did not exist.

I

Plaintiffs first argue that the trial court erred in granting summary disposition in favor of defendant on plaintiffs' FOIA request for the deleted exhibits, global readings, and site plans. We disagree.

We review de novo a trial court's ruling on a motion for summary disposition. *Glancy v City of Roseville*, 457 Mich 580, 583; 577 NW2d 897 (1998). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support of a claim. A trial court may grant summary disposition if, after reviewing the evi-

dence in a light most favorable to the nonmoving party, it determines that no genuine issue concerning a material fact exists and the moving party is entitled to judgment as a matter of law. *de Sanchez v Dep't of Mental Health*, 467 Mich 231, 235; 651 NW2d 59 (2002).[1]

"The FOIA protects a citizen's right to examine and to participate in the political process by requiring public disclosure of information regarding the formal acts of public officials and employees." *Stone Street Capital, Inc v Bureau of State Lottery*, 263 Mich App 683, 687; 689 NW2d 541 (2004), citing *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 231; 507 NW2d 422 (1993). The FOIA, by its express terms, is a prodisclosure statute; a public body must disclose all public records that the act does not specifically exempt. MCL 15.233(1); *Herald Co v Bay City*, 463 Mich 111, 119; 614 NW2d 873 (2000); *Thomas v New Baltimore*, 254 Mich App 196, 201; 657 NW2d 530 (2002); *Scharret v Berkley*, 249 Mich App 405, 411; 642 NW2d 685 (2002). Trial courts must narrowly construe FOIA exemptions, and the party asserting the exemption bears the burden of proving its applicability. *Detroit Free Press, Inc v Dep't of Consumer & Industry Services*, 246 Mich App 311, 315; 631 NW2d 769 (2001).

### A. THE MISSING/INTENTIONALLY DELETED EXHIBITS

In their September 4, 2002, FOIA request, plaintiffs sought to obtain, among other things, "[a]ll exhibits, including but not limited to exhibits G, T, U, V, W, AA,

---

[1] The trial court did not state the subsection under which it granted summary disposition. However, when the parties submit documentary evidence and the court relies on it, this Court treats the case as if the court granted summary disposition pursuant to MCR 2.116(C)(10). *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000).

BB, GG, MM, NN, PP, for the Agreement for Entry of Consent Judgment dated June 25, 2002, between Sandstone and the City of Novi." The "Exhibit List" for the June 25, 2002, "Agreement for Entry of Consent Judgment" letters the exhibits and gives a brief description of each exhibit. With respect to the exhibits specifically identified in plaintiffs' FOIA request, the description on the exhibit list states: "INTENTIONAL DELETION." At the October 22, 2003, motion hearing, the trial court stated that defendant did not have to turn over these exhibits because they were "no longer relevant." Because lack of relevance is not included among the exemptions from disclosure listed in MCL 15.243, this constituted error.

Nevertheless, the trial court reached the correct result. We affirm a lower court's ruling when it reaches the right result, albeit for the wrong reason. *Morosini v Citizens Ins Co of America*, 224 Mich App 70, 86; 568 NW2d 346 (1997). Plaintiffs have failed to show that defendant did not provide the specific information sought pursuant to their FOIA request. The text of the June 25, 2002, agreement, which exceeds fifty pages, does not refer to any of the exhibits that plaintiffs requested by letter because they were not part of that agreement. While plaintiffs maintain that defendant should have provided the intentionally deleted exhibits, their request, despite specific mention of those exhibits, sought only the exhibits for the June, 25, 2002, "Agreement for Entry of Consent Judgment", which defendant provided to them. Thus, plaintiffs cannot complain that defendant did not comply with their FOIA request and defendant was entitled to summary disposition.

### B. THE GLOBAL READINGS

On the basis of a hand-written reference to "global" on a draft of the consent judgment agreement, plaintiffs

requested global readings on "extra land." Defendant asserted that no such documents existed. In light of the affidavit of defendant's mayor, Richard J. Clark, the trial court agreed with defendant and found that no such documents existed. Under a MCR 2.116(C)(10) motion, the party moving for summary disposition has the initial burden of supporting its position with documentation such as affidavits or depositions. *Smith v Globe Life Ins Co*, 460 Mich 446, 455; 597 NW2d 28 (1999). But once the party has met this burden, the burden shifts to the opposing party to demonstrate a genuine issue of material fact. The opposing party may no longer rely on mere allegations, but must go beyond the pleadings and provide specific facts supporting a finding of a genuine issue of material fact. *Id.*

Here, plaintiffs failed to provide any factual support for their allegations that some sort of global readings existed. Although plaintiffs relied on the fact that a draft of the final consent judgment agreement had a note written in the margin stating "global," plaintiffs' interpretation of this word is mere speculation. Plaintiffs offer no factual support for their interpretation of the word and no factual support for the belief that such global readings existed. Therefore, the trial court was required to grant summary disposition in favor of defendant on this issue. *Id.*

Additionally, plaintiffs argue, in essence, that summary disposition was premature because discovery was not concluded and they did not have an opportunity to depose Clark. Ordinarily, summary disposition is premature if granted before completion of discovery on an issue, but it is not premature if discovery does not stand a fair chance of uncovering factual support for opposing the motion for summary disposition. *State Treasurer v Sheko*, 218 Mich App 185, 190; 553 NW2d 654 (1996).

Here, plaintiffs cite no evidence supporting their argument that uncovering factual support would possibly result from further discovery. Clark's affidavit is a sworn statement and there is no indication that he was not telling the truth. There is simply no evidence or indication that plaintiffs would be able to get Clark to change his testimony if allowed to depose him. Thus, no fair chance of uncovering factual support for plaintiffs' position exists, and summary disposition was not premature. *Id.*; see also *Crawford v Michigan,* 208 Mich App 117, 122-123; 527 NW2d 30 (1994).

### C. THE SITE PLANS

Plaintiffs' FOIA request included a request for all site plans for the dedicated seventy-five acres. Defendant stated that no site plan existed at the time of the request and supplied Clark's affidavit, which clearly states that Sandstone had not provided site plans at the time of plaintiffs' request. Again, on the basis of Clark's affidavit, the trial court agreed with defendant and found that no site plan existed. While plaintiffs attempted to support their position by supplying pictures showing that the seventy-five acres had been cleared of trees and grading had begun, these do not support a conclusion that Sandstone filed a site plan with defendant. Plaintiffs cite no authority that a site plan must be filed before beginning deconstruction or grading on a property. Nor do plaintiffs offer an affidavit from a person in the construction field or working for defendant stating that filing a site plan is customary before such activity is done. Simply put, the photographs are insufficient documentation that Sandstone had filed site plans at the time of the FOIA request. Without factual support to contradict Clark's affidavit clearly stating that site plans were not filed with defendant,

the trial court properly granted summary disposition to defendant on this issue. *Smith, supra.*

II

Plaintiffs next argue that the trial court erred in finding the side letters exempt from disclosure and in failing to make particularized findings in denying disclosure. We disagree.

Our Supreme Court has held that "the application of exemptions requiring legal determinations are reviewed under a de novo standard, while application of exemptions requiring determinations of a discretionary nature . . . are reviewed under a clearly erroneous standard." *Federated Publications, Inc v City of Lansing,* 467 Mich 98, 101; 649 NW2d 383 (2002). Unlike the exemption involved in *Federated Publications,* which required the circuit court to engage in a balancing of public interests, MCL 15.243(1)(f) does not require a determination of a discretionary nature. Rather, it presents a question of law that we review de novo.

In the instant case, defendant claimed exemption pursuant to MCL 15.243(1)(f), which provides:

(1) A public body may exempt from disclosure as a public record under this act:

* * *

(f) Trade secrets or commercial or financial information voluntarily provided to an agency for use in developing governmental policy if:

(i) The information is submitted upon a promise of confidentiality by the public body.

(ii) The promise of confidentiality is authorized by the chief administrative officer of the public body or by an elected official at the time the promise is made.

(iii) A description of the information is recorded by the public body within a reasonable time after it has been submitted, maintained in a central place within the public body, and made available to a person upon request. This subdivision does not apply to information submitted as required by law or as a condition of receiving a governmental contract, license, or other benefit.

In addition to submitting the side letters in question to the trial court for in camera review, defendant submitted affidavits of Ronald Hughes, one of Sandstone's general partners, and Gerald Fisher, defendant's city attorney. The Hughes affidavit states that the side letters in question were submitted by Sandstone upon a promise of confidentiality from defendant's mayor and city manager. The Fisher affidavit states that he prepared a document describing the letters and that this document has been on file in the city clerk's office since November 26, 2002.

Following the in camera review, the trial court held that the side letters in question were exempt from disclosure. It specifically found that they contained financial or commercial information voluntarily submitted to defendant by Sandstone and that this information implicated governmental policies regarding the potential expenditure of substantial sums of money by defendant and the retention of land for public use. The court further stated that the documents were submitted in confidence, and held that defendant complied with each of the three requirements in MCL 15.243(1)(f).

After a review de novo of the record, we find the side letters in question exempt from disclosure under the FOIA. The information in the side letters clearly concerned public policy. It related to how defendant intended to settle the Sandstone litigation, a situation with the potential to bankrupt defendant and seriously affect its residents. Furthermore, plaintiffs did not offer

any evidence to controvert the proofs presented by defendant tending to establish that the side letters were submitted by Sandstone upon a promise of confidentiality authorized by defendant's mayor. Defendant did fail to place a description of the letters on file in a central location, as required by MCL 15.243(1)(f)(iii), until after plaintiffs' request under the FOIA. But although defendant and Sandstone entered their settlement agreement on June 25, 2002, they continued to negotiate after that time because of questions regarding deed restrictions on the property transferred. Under these circumstances, filing descriptions of the documents on November 26, 2002, was within the reasonable time required by the statute. Defendant met all the requirements set forth in MCL 15.243(1)(f), and we affirm the trial court's order exempting the side letters from disclosure.

III

Plaintiffs next argue that the trial court improperly allowed the attorney fees charged by defendant for production of some of the documents they requested. Specifically, plaintiffs maintain that attorney Gerald Fisher, whom defendant engaged to negotiate the Sandstone agreement, was neither defendant's employee nor the lowest paid employee capable of complying with defendant's request as required by MCL 15.234(3). We disagree.

MCL 15.234(1) allows a public body to charge a fee for the costs, including labor, for the examination, review, and "deletion and separation of exempt from nonexempt information . . . ." It may not "charge more than the hourly wage of the lowest paid public body employee capable of retrieving the information necessary to comply with a request under [the FOIA]." MCL

15.234(3). In the instant case, the trial court awarded defendant $150 for the time it took Fisher to review the side letters between defendant and Sandstone and determine which were exempt from disclosure. Plaintiffs contend that, although defendant refers to Fisher as the city attorney, he is an independent contractor rather than an employee and, thus, defendant could not charge for the cost of his services. The trial court found that an attorney retained to do legal work on behalf of defendant constitutes an employee for purposes of MCL 15.234.

The trial court's decision required it to interpret the term "employee" as used in MCL 15.234(3). Statutory interpretation constitutes a question of law that we review de novo. *MacKenzie v Wales Twp*, 247 Mich App 124, 127; 635 NW2d 335 (2001). Unless expressly defined in a statute, every word or phrase "should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Ryant v Cleveland Twp*, 239 Mich App 430, 433; 608 NW2d 101 (2000). A court may consult dictionary definitions when determining the plain meaning of a term. *Id.*, p 434. Because MCL 15.234(3) does not define the term "employee," we look to the term's dictionary definition. The *Random House Webster's College Dictionary* (1992), defines "employee" as "a person who has been hired to work for another." On the basis of the plain meaning of the term, we find that Fisher was defendant's employee for purposes of MCL 15.234, and that the trial court did not err in granting defendant the cost of his services.[2]

---

[2] In arguing that Fisher is not an employee, plaintiffs urge this Court to apply the "economic realities" test formerly used to determine whether a person is an employee or an independent contractor under the Worker's Disability Compensation Act, MCL 418.101 *et seq.* See *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 572; 592 NW2d 360 (1999), noting that the

Plaintiffs also assert that, even if Fisher is defendant's employee, he was not the lowest paid employee capable of retrieving the information necessary to comply with their request. This argument is based on plaintiffs' contention that none of the side letters in question was exempt from disclosure and defendant need not have had them reviewed by an attorney. Because two of the side letters were exempt from disclosure under MCL 15.243(1)(f), we find plaintiffs' argument to be without merit.

Affirmed.

---

test has been superseded by a statutory definition of "employee" incorporating some of the same factors, MCL 418.161. Plaintiffs make no argument as to why this test should apply in the present context or why a person hired under contract should not be considered an employee under the plain language of MCL 15.234. We therefore decline to apply the test.