*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STATE TREASURER,

      Plaintiff-Appellee,

v

RANDALL RAAR #177223,

      Defendant-Appellant,

and

KRISANA RAAR and JPMORGAN CHASE
BANK,

      Defendants.

UNPUBLISHED
March 21, 2024

No. 363952
Wayne Circuit Court
LC No. 22-009479-CZ

Before: O'BRIEN, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

Defendant[1] appeals as of right the trial court's order appropriating and applying assets held by defendant to reimburse the state of Michigan for the cost of defendant's care while incarcerated, pursuant to the State Correctional Facility Reimbursement Act (SCFRA), MCL 800.401 *et seq*. For the reasons set forth in this opinion, we affirm.

Following a hearing, the trial court granted plaintiff's request under the SCFRA to appropriate 90% of defendant's assets, which included monthly pension payments and a joint bank account, and apply those assets toward reimbursing the costs of defendant's care during his incarceration. On appeal, as in the trial court, defendant argues (1) that the application of the SCFRA to him violated his right to equal protection of the law under the Fourteenth Amendment

---

[1] We use the term "defendant" to refer only to defendant Randall Raar because the other two named defendants are not participants in this appeal.

-1-

to the United States Constitution and (2) that he should have been granted the opportunity to conduct discovery.

## I. EQUAL PROTECTION

Regarding his Equal Protection claim, defendant argues that plaintiff intentionally and unlawfully "targeted" his assets after learning that he had retained an attorney for purposes of pursuing discretionary post-conviction relief. Defendant further argues that he was treated differently from other similarly situated prisoners with assets who, unlike him, had not used their assets to retain counsel to pursue post-conviction relief. Defendant maintains that the state therefore violated the Equal Protection Clause of the Fourteenth Amendment.

We review de novo the applicable constitutional and statutory issues implicated by defendant's Equal Protection claim. *People v James*, 326 Mich App 98, 103-104; 931 NW2d 50 (2018).

"The equal protection clauses of the Michigan and United States constitutions provide that no person shall be denied the equal protection of the law." *Lima Twp v Bateson*, 302 Mich App 483, 503; 838 NW2d 898 (2013) (quotation marks and citation omitted); see also US Const, Am XIV; Const 1963, art 1, § 2. Our Supreme Court has held that the Equal Protection Clauses of the Michigan and United States constitutions are coextensive. *Crego v Coleman*, 463 Mich 248, 258; 615 NW2d 218 (2000). "The Equal Protection Clause requires that all persons similarly situated be treated alike under the law." *Lima Twp*, 302 Mich App at 503 (quotation marks and citation omitted). "[L]egislation challenged on equal protection grounds is presumed constitutional and the challenger has the burden to rebut that presumption." *Barrow v City of Detroit Election Comm*, 301 Mich App 404, 419; 836 NW2d 498 (2013).

Under the SCFRA, "[t]he state may recover the expenses incurred or to be incurred, or both, by the state for the cost of care of the prisoner during the entire period or periods the person is a prisoner in a state correctional facility." MCL 800.404(8). Section 4(1) of the SCFRA provides that the "attorney general may file a complaint in the circuit court for the county from which a prisoner was sentenced, stating that the person is or has been a prisoner in a state correctional facility, that there is good cause to believe that the prisoner has assets, and praying that the assets be used to reimburse the state for the expenses incurred or to be incurred, or both, by the state for the cost of care of the person as a prisoner." MCL 800.404(1). "Upon the filing of the complaint under subsection (1), the court shall issue an order to show cause why the prayer of the complainant should not be granted." MCL 800.404(2). Of crucial importance is MCL 800.404(3), which provides that "[a]t the time of the hearing on the complaint and order, *if it appears that the prisoner has any assets* which ought to be subjected to the claim of the state under this act, the court *shall* issue an order requiring any person, corporation, or other legal entity possessed or having custody of those assets to appropriate and apply the assets or a portion thereof toward reimbursing the state as provided for under this act."

Defendant in this case does not claim that the statute is facially invalid under the Equal Protection Clause. See *State Treasurer v Sprague*, 284 Mich App 235, 244; 772 NW2d 452 (2009) (observing that the Michigan Supreme Court has held that the SCFRA does not violate the Equal Protection Clause because it applied equally to the class of all prisoners with " 'an estate' "),

quoting *Auditor General v Hall*, 300 Mich 215, 225; 1 NW2d 516 (1942). Defendant instead argues that the statute violates the Equal Protection Clause as applied to his factual situation.

An as-applied equal-protection challenge requires the party challenging the statute to "show both that (1) he 'has been intentionally treated differently from others similarly situated,' and (2) 'there is no rational basis for the difference in treatment.' " *James*, 326 Mich App at 106, quoting *Village of Willowbrook v Olech*, 528 US 562, 564; 120 S Ct 1073; 145 L Ed 2d 1060 (2000). "To be considered similarly situated, the challenger and his comparators must be *prima facie* identical in all relevant respects or directly comparable . . . in all material respects." *Lima Twp*, 302 Mich App at 503 (quotation marks and citations omitted; ellipsis in original). "A 'class of one' may initiate an equal protection claim by alleging that he or she 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.' " *Id*., quoting *Village of Willowbrook*, 528 US at 564.[2] However, if the challenger "cannot establish that he was treated unequally in some material way, then there is no violation of equal protection." *James*, 326 Mich App at 106.

A court's evaluation of an equal protection challenge involves applying one of three traditional levels of review: rational basis review, intermediate scrutiny, and strict scrutiny. *Crego*, 463 Mich at 259; *Barrow*, 301 Mich App at 419-420, 419 n 7. "Traditionally, the rational basis test applies where no suspect factors are present or where no fundamental right is implicated." *Barrow*, 301 Mich App at 419.[3] Here, defendant concedes that no circumstances exist that would warrant heightened scrutiny and that his claim is subject to rational basis review. "Under rational-basis review, courts will uphold legislation as long as that legislation is rationally related to a legitimate government purpose." *Crego*, 463 Mich at 259. The test is highly deferential. *Id*. To succeed in his claim, defendant "must negate every conceivable reason for the government's actions or show that the actions were motivated by animus or ill-will." *James*, 326 Mich App at 106-107 (quotation marks and citation omitted).

In this case, defendant alleges that he was treated differently from other prisoners with assets because the SCFRA was enforced against him based on his use of assets to retain an attorney to pursue post-conviction relief, while the SCFRA was *not* enforced against other prisoners with assets who did not retain counsel. Hence, as defendant has framed his claim, he is similarly situated to other prisoners with assets but plaintiff intentionally singled him out for different

---

[2] We recognize that "an as-applied claim can challenge more than just the [challenger's] particular case without seeking to strike the law in all its applications" and that a successful as-applied claim would presumably become applicable to others in the same factual circumstances as the challenger. *James*, 326 Mich App at 106 n 4.

[3] Suspect classifications that warrant strict scrutiny, which is the most heightened level of review, include race, national origin, or ethnicity. *Barrow*, 301 Mich App at 420. Strict scrutiny also applies when the statute interferes with a fundamental right. *Id*. Intermediate scrutiny "has been applied to legislation creating classifications on such bases as illegitimacy and gender." *Crego*, 463 Mich at 260.

treatment by enforcing the SCFRA against him based on his use of his assets while plaintiff simultaneously declined to enforce the SCFRA against other prisoners with assets.

However, defendant has not provided any evidence of a single prisoner with known assets who was excused from complying with the terms of the SCFRA regarding reimbursing the state for the costs of the prisoner's care during incarceration. Defendant asserts—without evidence—that this has occurred but does not support his assertion with any allegation involving an actual prisoner with known assets subject to the SCFRA. Accordingly, defendant has not met his burden to establish that he was intentionally treated differently from other similarly situated individuals and therefore cannot establish a violation of his right to equal protection. *Lima Twp*, 302 Mich App at 503-504; *James*, 326 Mich App at 106.

## II. DISCOVERY

Defendant also argues that he was wrongfully denied the opportunity to conduct discovery related to plaintiff's investigation, which he apparently believes would have provided evidence to support his Equal Protection claim. However, defendant does not provide any offer of proof or other legitimate basis for us to conclude that discovery would have stood a fair chance of uncovering factual support for a finding that the SCFRA was not enforced against other prisoners with assets pursuant to the terms of the act. As previously explained, without such evidence, defendant cannot show that he was intentionally treated differently from other similarly situated individuals and therefore cannot establish his claimed violation of the Equal Protection Clause. Accordingly, defendant has not shown on appeal that there was a fair chance that discovery would have provided support for his defense against this SCFRA action. Dismissal of the action "is not premature if the discovery does not stand a fair chance of uncovering factual support" to oppose dismissal. *State Treasurer v Sheko*, 218 Mich App 185, 190; 553 NW2d 654 (1996). Defendant has not demonstrated error requiring reversal on this ground.

Affirmed. Plaintiff having prevailed may tax costs. MCR 7.219(A).

/s/ Colleen A. O'Brien
/s/ Stephen L. Borrello
/s/ Noah P. Hood

-4-