GLEASON v DEPARTMENT OF TRANSPORTATION

Docket No. 235026. Submitted March 11, 2003, at Grand Rapids. Decided March 20, 2003, at 9:00 A.M.

Robert and Veronica Gleason brought an action in the Court of Claims against the Department of Transportation, alleging inverse condemnation. The court, Lawrence M. Glazer, J., granted summary disposition for the defendant, ruling, in part, that the action was barred by the three-year period of limitation that applies to every claim against the state that is cognizable in the Court of Claims. MCL 600.6452(1). The plaintiffs appealed, claiming a violation of their rights to equal protection inasmuch as inverse-condemnation actions against defendants other than the state are subject to a six-year statutory period of limitation.

The Court of Appeals *held*:

1. Procedural requirements such as the statute of limitations challenged by the plaintiffs will be upheld unless it is demonstrated that the requirements are so harsh and unreasonable in their consequences that they effectively divest plaintiffs of the access to the courts intended by the grant of the substantive right. The plaintiffs in this case made no such demonstration.

2. The plaintiffs failed to satisfy their burden of showing that the statutory classifications created by the different limitation periods lacked a rational basis. A reasonable relationship exists between facilitating the state's ability to estimate with some degree of certainty its future financial obligations and placing a limit on the time during which a plaintiff may bring an action against the state.

Affirmed.

*Koernke & Crampton, P.C.* (by *Jeffery S. Crampton*), for the plaintiffs.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Raymond O. Howd*, Assistant Attorney General, for the defendant.

Before: SCHUETTE, P.J., and SAWYER and WILDER, JJ.

PER CURIAM. Plaintiffs appeal by leave granted the trial court's grant of defendant's summary-disposition motion under MCR 2.116(C)(7) and (C)(8). We affirm.

Plaintiffs contend that their right to equal protection was violated when the trial court applied a three-year period of limitation to their inverse-condemnation claim against defendant, when inverse-condemnation actions against entities other than the state are subject to at least a six-year limitation period. We disagree. This Court reviews de novo a trial court's ruling on a party's motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

An inverse-condemnation action is a claim ex contractu over which the Court of Claims has exclusive jurisdiction. *Lim v Dep't of Transportation*, 167 Mich App 751, 754-755; 423 NW2d 343 (1988). Subject to *shorter* limitation periods contained in other statutes that would supersede the "all-purpose" three-year limitation period set forth in legislation pertaining to the Court of Claims, "[e]very claim against the state, cognizable by the court of claims, shall be forever barred unless the claim is filed . . . within 3 years after the claim first accrues." MCL 600.6452(1).

A statute of limitations is a procedural, not substantive, rule. *Forest v Parmalee*, 402 Mich 348, 359; 262 NW2d 653 (1978). Procedural requirements will be upheld unless a party demonstrates that "[the requirements] are so harsh and unreasonable in their consequences that they effectively divest plaintiffs of the access to the courts intended by the grant of the substantive right." *Id.* Plaintiffs made no such demonstration here. Indeed, plaintiffs' substantive right to compensation when private property is taken for public

use is wholly unaffected by the procedural requirement that the action be brought within three years of its accrual.

In addition, plaintiffs failed to satisfy their burden of showing that the statutory classifications created by the different limitation periods (inverse-condemnation claims against state entities versus all other inverse-condemnation claims) lacked a rational basis. *Forest, supra* at 356. Where the classification is reasonably related to a legitimate state interest, there can be no equal-protection violation. *Id.* Case law repeatedly affirms the reasonable relationship between facilitating the state's ability "to estimate with some degree of certainty the extent of their future financial obligations" and placing a limit on the time during which a plaintiff may bring action against the state. *Forest, supra* at 360.

Here, plaintiffs filed their complaint on November 27, 2000, more than three years after incurring the $54,900 loss for which they seek compensation from defendant. Therefore, plaintiffs' claim was barred by the three-year limitation period governing actions over which the Court of Claims has jurisdiction. Despite its incorrect application of *Hart v Detroit,* 416 Mich 488; 331 NW2d 438 (1982), the trial court reached the proper result. A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason. *Mulholland v DEC Int'l Corp,* 432 Mich 395, 411 n 10; 443 NW2d 340 (1989).

Our disposition of plaintiffs' appeal on this basis makes it unnecessary to review whether the trial court properly granted defendant's C(8) motion.

Affirmed.