# STATE OF MICHIGAN

# COURT OF APPEALS

---

DANIELLE JOE, Personal Representative of the
Estate of XAVIER RAY JOE, Deceased,

        Plaintiff-Appellant/Cross-Appellee,

v

COMMUNITY EMERGENCY MEDICAL
SERVICE,

        Defendant-Appellee/Cross-
        Appellant,

and

J. FISHER, J. MERSER, and K. CANNON

        Defendants-Appellees.

UNPUBLISHED
May 26, 2016

No. 323276
Oakland Circuit Court
LC No. 2014-140495-NO

---

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

STEPHENS, P.J. (*Concurring*)

I write to concur in the majority's result. I concur, that plaintiff failed to file an affidavit under MCR 2.116(H) indicating with some specificity the basis for any prayer for denial of either of the motions based upon the need for further discovery, including vetting of materials offered by the opponent to support the grant of the motion. *Marilyn Froling Revocable Living Trust*, 283 Mich App at 292. The trial court's assertion that plaintiff failed to actually plead facts in avoidance of governmental immunity was erroneous. Unlike the majority, I cannot agree that plaintiff's pleadings alone are defective. While most of the conduct asserted against Southfield constituted tragic negligence, it did not rise to gross negligence. The allegation in paragraph 30(d) of the complaint, that the dispatchers told the decedent's mother that assistance was on the way when they in fact knew it was not, could be proven to be gross negligence

However, a motion for MCR 2.116(C)(7) summary disposition only demands that the court accept as true those factual assertions in pleadings that are not opposed by affidavits and documentary evidence. *Smith*, 290 Mich App at 683. While the source of the affidavits, tapes and logs, was CEMS, not Southfield, a court cannot be required in this case to act as if the

-1-

materials presented by CEMS do not exist as related to the Southfield dispatchers.  A plaintiff faced with such a circumstance is challenged to present contradictory materials or an affidavit under MCR 2.116(H).  Faced with affidavits, tapes and logs regarding the calamitous communication regarding the decedent's need and plan for transport, the court reached the correct result regarding the dispatcher defendants, albeit for a reason other than that addressed in its opinion.  See *Gleason v Michigan Dept of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

I, however, do not agree with the majority's proximate cause discussion.  *Robinson* demands that the governmental actor's gross negligence be the proximate cause of injury.  462 Mich at 462.  However, just as every decedent succumbs to heart failure before death, the fact that this decedent had an asthmatic event does not shield the defendants here from liability.  Not all asthma attacks are fatal.  Whether the death in this case was occasioned most immediately by any gross negligence by either defendant would have been a question for the trier of fact, not the judge.

/s/ Cynthia Diane Stephens