# STATE OF MICHIGAN
# COURT OF APPEALS

---

W SOULE & COMPANY,

      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

      Defendant-Appellee.

UNPUBLISHED
January 17, 2017

No. 329213
Court of Claims
LC No. 14-000163-MT

---

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Plaintiff, W Soule & Company (Soule), appeals as of right an order granting summary disposition to defendant, Department of Treasury (the Department), regarding Soule's claim for a tax refund. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Soule provides process integration, fabrication, and other services to industrial and commercial enterprises. In March 2011, the Department indicated that it would audit Soule's sales and use tax from March 2007 through February 2011. The Department's preliminary findings indicated that Soule, due to inadequate internal controls, had failed to report a total of about $1.3 million of sales and use tax liability. The Department provided Soule with a Notice of Preliminary Audit Determination on January 24, 2014. Soule agreed that its internal controls were inadequate and, in response to the Department's Notice, on February 7, 2014, Soule signed the Notices, checked the boxes indicating that it agreed with the preliminary determination, and paid the deficiencies.

However, on February 6, 2014, 2014 PA 3 went into effect. 2014 PA 3 abolished the statute of limitations tolling period for deficiency actions during audit periods. On April 2, 2014, Soule requested a refund for the taxes it had paid for March 2007 through December 2009. Soule asserted that the four-year statute of limitations now barred the Department from collecting taxes for that period because it was not entitled to limitations tolling during its audit period.

After additional communications failed to resolve the dispute, Soule filed this action in the Court of Claims. Soule moved for summary disposition under MCR 2.116(C)(10), asserting that the statute of limitations barred the Department from collecting taxes from March 2007

-1-

through December 2009. The Department counter-asserted that it was entitled to summary disposition under MCR 2.116(I) because 2014 PA 3 did not apply retroactively and, even if it did apply, it barred Soule's claim for refund.

The Court of Claims ultimately entered judgment in favor of the Department, concluding that the Department improperly collected the taxes but that Soule was not entitled to a refund because its claim for refund was untimely under 2014 PA 3. Soule now appeals.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). MCR 2.116(I)(1) provides that "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." This Court reviews de novo the interpretation and application of tax statutes. *Ford Motor Co v Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006).

## III. ANALYSIS

Soule's contentions rest on its primary argument that changes to the statute of limitations under 2014 PA 3 barred the Department from retaining the taxes Soule paid for the March 2007 to December 2009 period. We disagree.

When the Department initiated its audit, the prior version of MCL 205.27a(2) provided a four-year statute of limitations for both tax assessments and claims for refund, but MCL 205.27a(3) tolled the limitations period for the duration of a state audit. 2011 PA 304. However, MCL 205.27a, as amended by 2014 PA 3, provides a four-year statute of limitations but does not include such a tolling period:

> (2) A deficiency, interest, or penalty *shall not be assessed* after the expiration of 4 years after the date set for the filing of the required return or after the date the return was filed, whichever is later. The taxpayer shall not claim a refund of any amount paid to the department after the expiration of 4 years after the date set for the filing of the original return. A person who has failed to file a return is liable for all taxes due for the entire period for which the person would be subject to the taxes. If a person subject to tax fraudulently conceals any liability for the tax or a part of the tax, or fails to notify the department of any alteration in or modification of federal tax liability, the department, within 2 years after discovery of the fraud or the failure to notify, shall assess the tax with penalties and interest as provided by this act, computed from the date on which the tax liability originally accrued. The tax, penalties, and interest are due and payable after notice and hearing as provided by this act.

> (3) The statute of limitations shall be extended for the following if the period exceeds that described in [MCL 205.27a(2)]:

(a) The period pending a final determination of tax through audit, conference, hearing, and litigation of liability for federal income tax and for 1 year after that period.

(b) The period for which the taxpayer and the state treasurer have consented to in writing that the period be extended.

(c) The period described in [MCL 205.21(6) and (7)] or pending the completion of an appeal of a final assessment.

(d) A period of 90 days after a decision and order from an informal conference, or a court order that finally resolves an appeal of a decision of the department in a case in which a final assessment was not issued prior to appeal. [Emphasis added.]

Soule argues that it is entitled to a tax refund because MCL 205.27a(2)'s limitations period had expired by the time the Department collected the tax. However, the plain language of that section applies the four-year period to *assessments*. The Department did not assess taxes for that period in this case: rather, it issued a preliminary statement that it intended to issue an assessment, and Soule responded by paying the taxes owed. Because Soule paid the amount owed, the deficiency was resolved and the Department never issued an assessment. Accordingly, MCL 205.27a(2), which prohibits the Department from assessing deficiencies, does not apply to the facts in this case.

We conclude that the statute of limitations did not render the Department's collection of taxes unlawful in this case. Simply put, the Department never issued an assessment because Soule voluntarily paid its tax deficiency. Given our conclusion on this issue, we need not decide whether the Court of Claims correctly decided that Soule's claim for refund was untimely because it reached the correct result for the wrong reason. See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray

-3-