*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AWHAM ZOMA,

        Plaintiff-Appellant,

v

MGM GRAND DETROIT, LLC, doing business
as MGM GRAND CASINO, and MICHIGAN
DEMOCRATIC PARTY,

        Defendants-Appellees.

UNPUBLISHED
March 26, 2019

No. 341149
Wayne Circuit Court
LC No. 16-008222-NO

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals the trial court's order granting defendants summary disposition under MCR 2.116(C)(10). We affirm because plaintiff has failed to create a genuine issue of material fact whether defendants had notice of the alleged hazard.[1]

## I. BACKGROUND

This case arises out of a trip-and-fall over a taped-down electrical cord. On March 5, 2016, plaintiff and her husband arrived at defendant MGM Grand Detroit, LLC (MGM)'s casino. Plaintiff's husband went to eat at one of the casino's restaurants, while plaintiff went to the casino ballroom, where defendant Michigan Democratic Party (MDP) was hosting an event for Hillary Clinton.[2] Plaintiff testified at deposition that she walked about 20 to 30 feet into the ballroom before her shoe caught on the cord, causing her to fall face-down with her right arm outstretched. Photographs taken after the incident show that the cord was completely covered by

---

[1] A trial court's decision to grant summary disposition is reviewed de novo. *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016).

[2] Plaintiff did not pay to enter the ballroom.

what appears to be duct tape.  Plaintiff did not know who owned the cord or who placed it in that spot.  She indicated a belief that the cord was connected to "television cameras" she observed.

Plaintiff sued MGM in June 2016 and later amended the complaint to add MDP as a party after MGM named MDP as a non-party at fault.  See MCR 2.112(K).  She asserted counts in premises liability and negligence against each defendant, alleging that defendants failed to protect her from an unreasonable risk of harm.  In June 2017, each defendant moved for summary disposition on multiple alternative grounds.  The trial court ruled that plaintiff's claims were barred by the open and obvious danger doctrine.

## II.  ANALYSIS

In addition to challenging the trial court's ruling that the electrical cord was open and obvious, plaintiff argues on appeal that (1) she was an invitee, not a licensee; (2) that her claim against MDP sounds in ordinary negligence; and (3) that defendants had notice of the cord.  We disagree with plaintiff that her claim against MDP arises from ordinary negligence.  Rather, we conclude that plaintiff's claim is based on the condition of the ballroom and is therefore a premises liability claim.  Further, even assuming that plaintiff was an invitee and that there is a question of fact about whether the cord was open and obvious, we nonetheless affirm the trial court on the ground that plaintiff failed to establish a genuine issue of material fact as to whether defendants had actual or constructive notice of the cord.[3]

## A.  NATURE OF CLAIM

There is a distinction "between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012).  "In a premises liability action, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014) (quotation marks and citation omitted).  "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 296 Mich App at 692.

As noted, plaintiff pleaded premises liability and ordinary negligence against each defendant.  To determine the nature of a claim we look through the labels used by the plaintiff and consider the complaint as a whole. *Pugno v Blue Harvest Farms, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 340142); slip op at 5.  Plaintiff's complaint is a premises liability claim because it is based on the allegedly dangerous condition of the ballroom, i.e., a taped-down electrical cord.  See *Finazzo v Fire Equip Co*, 323 Mich App 620; 918 NW2d 200 (2018).  Despite this principal, plaintiff asserts that she may also assert a negligence claim against MDP for its decision to place the cord in that position.  Perhaps plaintiff could proceed

---

[3] We can affirm the trial court when it reaches the right result for the wrong reason. *Gleason v Michigan Dep't of Transp*, 256 Mich 1, 3; 662 NW2d 822 (2003).

with an ordinary negligence claim against MDP if it did not have possession and control over the ballroom and so not subject to premises liability.[4] But even assuming that was true, such a claim would fail because plaintiff has not identified an affirmative act by MDP that would support a claim of ordinary negligence. Plaintiff has no evidence that MDP or its agents placed the cord that caused her fall. Thus, plaintiff's claim against MDP is necessarily based on premises liability, that is, MDP's possession and control of the ballroom, rather than an affirmative negligent act by either defendant.

## B. NOTICE

To establish premises liability, plaintiff "must be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue[.]" *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). It is plaintiff's burden to establish a question of fact as to whether defendants had notice of the condition. *Id*. at 3.

Plaintiff argues that at least one of the defendants had actual notice because one of them had to place the cord and tape it down. "Where the possessor is the one who created the condition, knowledge of the condition is imputed to the possessor . . . ." *Pippin v Atallah*, 245 Mich App 136, 145 n 2; 626 NW2d 911 (2001). As noted, however, plaintiff has not provided any evidence that either defendant or its agent placed the cord responsible for the accident. Plaintiff did not know who placed the cord, and she has not proffered any other evidence on the matter. Plaintiff does not dispute MGM's assertion that this was "a huge media event," with coverage and reporting wholly independent from MGM or MDP. Indeed, plaintiff testified to observing "television cameras," which may or may have not been associated with the visual production of the event. For those reasons, plaintiff has failed to create an issue of material fact with respect to actual notice.

Thus, plaintiff's claims rest on constructive notice, which requires her to offer evidence showing "that the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Lowrey*, 500 Mich at 11-12. We agree with defendants that plaintiff has failed to create a material factual dispute regarding constructive notice. Plaintiff has presented no argument as to why the character of the condition in this case supports a finding of constructive notice. More significantly, plaintiff has failed to present any proofs regarding the duration of the condition. For instance, there is nothing in the record about when the event began and ended. Nor is there any indication of when preparations for the event began from which one might attempt to infer a time when the cord was placed. Thus, this case is not like *Clark v Kmart Corp*, 465 Mich 416, 421; 634 NW2d 347 (2001), where the Supreme Court held that there was sufficient evidence to create a question of fact as to

---

[4] Neither defendant disputes that it had possession and control of the ballroom, nor does plaintiff present any argument on that matter. For purposes of this appeal, we will treat both defendants as potentially having premises liability for plaintiff's alleged injury as there appears to at least be a question of fact about which defendant (if not both) had possession and control of the premises.

constructive notice when the evidence allowed for an inference that the "loose grapes" causing the fall had been in the checkout lane for at least an hour. Plaintiff has presented no evidence that would allow one to infer the duration of the condition prior to her fall, without which we are left only with speculation. Accordingly, plaintiff has not carried her burden of establishing a genuine issue of material fact as to notice.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Jane M. Beckering
/s/ Michael J. Kelly