*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER YARBER,

        Plaintiff-Appellant,

and

AQUATIC SOLUTIONS PHYSICAL THERAPY, LLC,

        Intervening Plaintiff,

v

HOME-OWNERS INSURANCE COMPANY,

        Defendant-Appellee,

and

JOHN DOE,

        Defendant.

UNPUBLISHED
April 21, 2022

No. 357197
Wayne Circuit Court
LC No. 19-016930-NF

Before: JANSEN, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

In this no-fault action, plaintiff appeals as of right the order granting defendant's motion for summary disposition and dismissing all of plaintiff's claims with prejudice. We affirm.

## I. BACKGROUND

Plaintiff claims he was involved in a motor vehicle accident while driving his mother's vehicle, which was insured by defendant. Plaintiff alleges an unknown driver struck the driver's side of plaintiff's vehicle and left the scene. He immediately felt pain in his shoulder, lower back, and along his left side. Plaintiff did not call police or emergency services, but reported the accident to the Detroit Police Department the next day and obtained an accident report. He sought physical therapy from intervening plaintiff, Aquatic Solutions Physical Therapy, LLC, and saw a physician

at Farmbrook Interventional Pain, who ordered an MRI to assess plaintiff's injuries. Medical records submitted to the court indicated injury and treatment to plaintiff's back and spine, but did not explain the cause of the injury.

Plaintiff filed a complaint alleging negligence against the unknown driver, a claim for outstanding no-fault personal injury protection (PIP) benefits, and an uninsured motorist (UM) claim. Defendant moved for summary disposition, arguing that plaintiff did not demonstrate a threshold injury because he could not show an objectively manifested impairment of a body function under MCL 500.3135(1). Plaintiff argued that the medical records, along with plaintiff's deposition testimony and supplemental affidavit describing his injuries, created a genuine issue of material fact making summary disposition improper. Defendant questioned whether the accident even occurred, stating there was no proof to show there was a multivehicle accident.

The trial court granted defendant's motion for summary disposition on the issue of whether plaintiff sustained a threshold injury. The trial court also dismissed all of plaintiff's claims, including the UM and PIP claims, with prejudice. Plaintiff moved for reconsideration, attaching black and white photographs of the damaged vehicle and a repair estimate. Plaintiff argued that the trial court erred in granting summary disposition because a question of fact remained as to whether the accident occurred and whether plaintiff's injury met the threshold requirements under MCL 500.3135(1). Plaintiff also argued that the trial court improperly dismissed the remaining claims because those issues were not before the court. The trial court denied reconsideration, finding no palpable error. This appeal followed.

## II. STANDARDS OF REVIEW

"This Court reviews a motion for summary disposition de novo." *McCormick v. Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010).[1] This Court considers "affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion" in its review under MCR 2.116(C)(10). *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). Summary disposition is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "The proper

---

[1] If a party moves for summary disposition on multiple grounds and the trial court does not specify under which subrule it granted the motion, and the trial court considered materials outside the pleadings, this Court will review the decision as though made under MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10), but because the trial court did not specify under which subrule it granted summary disposition, and relied on evidence outside the pleadings in its decision, our review is under MCR 2.116(C)(10).

interpretation of a statute is a legal question that this Court also reviews de novo." *McCormick*, 487 Mich at 188.

## III. SUMMARY DISPOSITION

First, plaintiff contends a material factual dispute exists as to the extent of plaintiff's injuries, which precluded the trial court from ruling that no threshold injury existed as a matter of law. We disagree.

MCL 500.3135 governs tort liability for noneconomic loss under Michigan's no-fault act, MCL 500.3101 *et seq.* Specifically:

> (1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.
>
> (2) For a cause of action for damages under subsection (1) or (3)(d), all of the following apply:
>
> (a) The issues of whether the injured person has suffered serious impairment of body function or permanent serious disfigurement are questions of law for the court if the court finds either of the following:
>
> (*i*) There is no factual dispute concerning the nature and extent of the person's injuries.
>
> (*ii*) There is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function or permanent serious disfigurement. . . . [MCL 500.3135(1), (2).]

To review a motion for summary disposition under the no-fault act, first the trial court must determine whether there is a factual dispute about the plaintiff's injuries. *McCormick*, 487 Mich at 215. Importantly, under MCL 500.3135(2), "[i]f there is a material factual dispute regarding the nature and extent of the person's injuries, the court should not decide the issue as a matter of law." *McCormick*, 487 Mich at 193-194. When there is no factual dispute, the trial court has the authority to decide whether the threshold is met as a matter of law. *Id*. at 215.

Plaintiff contends on appeal that a factual dispute concerning the nature and extent of his injuries existed, so the trial court should not have decided the issue as a matter of law. We disagree. Defendant did not dispute the nature or extent of plaintiff's injuries in its motion for summary disposition. In other words, defendant did not dispute that plaintiff had back and shoulder pain on his left side. Rather, defendant argued that plaintiff's injuries did not meet the threshold requirements. Thus, there was no factual dispute that precluded the trial court from deciding the issue as a matter of law. MCL 500.3135(2).

Next, plaintiff argues that he is entitled to judgment as a matter of law because he met all three requirements under MCL 500.3135(5) to establish that he suffered from a threshold injury. We disagree.

At issue in this case is whether plaintiff suffered a serious impairment of a body function. *McCormick*, 487 Mich at 190. The no-fault act codified our Supreme Court's decision in *McCormick*, which presented a three-prong test to determine whether a plaintiff suffered a serious impairment of a body function, by amending the act to include MCL 500.3135(5), which states:

> (5) As used in this section, "serious impairment of body function" means an impairment that satisfies all of the following requirements:

> (a) It is objectively manifested, meaning it is observable or perceivable from actual symptoms or conditions by someone other than the injured person.

> (b) It is an impairment of an important body function, which is a body function of great value, significance, or consequence to the injured person.

> (c) It affects the injured person's general ability to lead his or her normal life, meaning it has had an influence on some of the person's capacity to live in his or her normal manner of living. Although temporal conditions may be relevant, there is no temporal requirement for how long an impairment must last. This examination is inherently fact and circumstance specific to each injured person, must be conducted on a case-by-case basis, and requires comparison of the injured person's life before and after the incident.

Under MCL 500.3135(5)(a), the impairment must be "objectively manifested," meaning "an impairment that is evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 487 Mich at 196. To meet this prong, plaintiff's injury must be "observable or perceivable from actual symptoms or conditions." *Id*. The proper inquiry is whether the impairment itself is objectively manifested, not the symptoms of an injury or impairment. *Id*. at 197. A plaintiff must "introduce evidence establishing that there is a physical basis for their subjective complaints of pain and suffering[.]" *Id*. at 198 (quotation marks and citation omitted). This requires medical testimony. *Id*.

Plaintiff presented testimonial evidence and medical documentation to show he experienced an injury after the alleged accident. At his deposition, plaintiff testified that he felt pain immediately in his shoulder, back, and left side. Plaintiff received treatment from Aquatic Solutions, as well as a pain management physician, who documented plaintiff's pain and immobility. Plaintiff presented findings from an MRI, which showed injury of plaintiff's spine at L4 and L5. However, none of the medical records submitted by plaintiff specifically attribute his injuries to an automobile accident. There is no medical opinion providing that his injuries were a result of the accident, as required under *McCormick*. *Id*. The only references to the accident in the medical records were reported by plaintiff to the provider. Thus, plaintiff fails to meet the first requirement that his injuries were objectively manifested, MCL 500.3135(5)(a), and we need not discuss the additional requirements. As such, the trial court properly granted defendant summary

-4-

disposition as to plaintiff's UM claim because there is no genuine issue of material fact that plaintiff's injuries did not meet the threshold to be considered a serious impairment of a body function under MCL 500.3135(5).

Lastly, plaintiff argues that questions of fact existed regarding whether the accident occurred, and the trial court erred by dismissing plaintiff's PIP claim because defendant did not specifically seek dismissal of plaintiff's PIP claim in its motion for summary disposition. We disagree. Although the police report of the accident was submitted as evidence with the motion for summary disposition, plaintiff did not report the accident or obtain the police report until the day after the accident. Defendant stated in its motion for summary disposition that "there is no proof to actually show that this was a multivehicle accident," but plaintiff did not submit the photographs of the vehicle or the repair estimate until he filed for reconsideration. Nonetheless, summary disposition may be affirmed when the trial court reaches the right result for the wrong reason, *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003), and the court may grant summary disposition sua sponte under MCR 2.116(I)(1), *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). Plaintiff's failure to establish that his injuries were objectively manifested is fatal to his PIP claim in addition to his UM claim. He cannot prove that his injuries constituted a serious impairment of a body function because there is no medical opinion that his injuries were attributable to the accident. Therefore, the trial court did not err by dismissing the remainder of plaintiff's claims.

Affirmed.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Michael J. Riordan

-5-