*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WYOMING CHIROPRACTIC HEALTH CLINIC, PC,

        Plaintiff-Appellee,

v

FALLS LAKE INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2022

No. 359370
Oakland Circuit Court
LC No. 2020-184341-NI

Before: HOOD, P.J., and SWARTZLE and REDFORD, JJ.

PER CURIAM.

Betty Austin was injured in an automobile accident, and plaintiff treated her injures. Plaintiff then sought payment for that treatment from defendant, who was Austin's no-fault automobile insurer. Defendant denied the claim and rescinded Austin's policy after stating that Austin's application for insurance contained material misrepresentations. The trial court denied defendant's motion for summary disposition. We affirm.

When Austin applied for no-fault insurance from defendant, she stated that she only resided with her husband and she did not have any other vehicles at her residence besides the vehicle for which she was seeking insurance. Additionally, her application did not indicate that she had ever had a suspended driver's license or moving violations.

Defendant rescinded her policy once it learned that Austin's adult son was also residing with her at the time of the application, Austin's husband owned two uninsured vehicles, and Austin had been cited for driving without proof of insurance. Further, the policy itself contained a provision that reserved defendant's right to void the policy if Austin misrepresented herself.

The trial court denied defendant's motion for summary disposition because, as it stated, *Mich Spine and Brain Surgeons, PLLC v Esurance Prop & Cas Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued October 28, 2021 (Docket No. 355581) (*Mich Spine*) stood for the proposition that there was no privity between the parties that would bar plaintiff's claims. Further, the trial court stated that fraud was a question of fact for the fact-finder.

This Court granted defendant leave to appeal. *Wyoming Chiropractic Health Clinic v Falls Lake Ins Co*, unpublished order of the Court of Appeals, issued March 30, 2022 (Docket No. 359370).

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). Defendants moved for summary disposition under MCR 2.116(C)(10). When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party. *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

"[A]utomobile insurance contracts are governed by a combination of statutory provisions and the common law of contracts," and those contracts are "subject to the same contract construction principles that apply to any other species of contract." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 399; 919 NW2d 20 (2018). An insurer may seek rescission of the contract for "fraud related to the inducement to or inception of the contract." *Meemic Ins Co v Fortson*, 506 Mich 287, 305; 954 NW2d 115 (2020). "Rescission abrogates a contract and restores the parties to the relative positions that they would have occupied if the contract had never been made." *Bazzi*, 502 Mich at 409.

> To establish actionable fraud, [defendant] bears the burden of proving that (1) [plaintiff] made a material misrepresentation; (2) it was false; (3) when [plaintiff] made it, [she] knew it was false, or else made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) [she] made it with the intention that it should be acted on by [defendant]; (5) [defendant] acted in reliance on it; and (6) [defendant] thereby suffered injury. [*Titan Ins Co v Hyten*, 491 Mich 547, 571-572; 817 NW2d 562 (2012).]

The trial court first relied on *Mich Spine* in denying defendant's motion for summary disposition. In *Mich Spine*, this Court was presented with the issue of whether the defendant could be granted summary disposition under MCR 2.116(C)(7) based on *res judicata* because the defendant was already dismissed from the policyholder's same claims for no-fault benefits in a different case. *Mich Spine*, unpub op at 3. As the *Mich Spine* Court stated, *res judicata* bars a second, subsequent action when the prior action was decided on the merits, both actions involve the same parties or their privies, and the second case could have been resolved in the first. *Id.*

There is no defense based on *res judicata* in this case, and there is no information to conclude that a previous case had been brought by the policyholder for the same claims. Thus, the trial court erred when it held that defendant's motion for summary disposition was barred by *Mich Spine*.

The trial court also erred when it stated that fraud was a finding that was only proper for the fact-finder. This Court, as well as our Supreme Court, has upheld a trial court granting summary disposition for the defendant when the plaintiff committed fraud in the procurement of the contract. See, e.g., *Webb v Progressive Marathon Ins Co*, 335 Mich App 503, 510; 967 NW2d

841 (2021) ("Thus, we conclude that Progressive was entitled to summary disposition in its favor on the issue of whether Clark committed fraud when procuring the policy at issue.")

There remains a genuine issue of material fact, however, concerning whether Austin made these misrepresentations with the intent that they should be acted on by defendant. Nothing was provided to describe why Austin made those misrepresentations. Further, even though defendant submitted emails describing that it would not have provided Austin policy coverage if it had known about these misrepresentations, there remains a genuine issue of material fact on this limited record regarding whether these misrepresentations were material to the application and whether defendant suffered an injury by relying on those misrepresentations.

Ordinarily, defendant stating that it would not have issued the policy given its underwriting guidelines would amount to a demonstration of injury since the actual risk of providing the insurance was not fully contemplated. See *id*. The evidence that was submitted by defendant, however, does not substantiate that it would not have offered Austin a policy, at that premium, if it had known that her son was living with her, or that her husband owned other uninsured vehicles, or that her license was suspended. Simply put, defendant's underwriting employee emailing "no" in response to an email that asked "would you have written the policy knowing of the unlisted vehicles" does not substantiate what defendant's underwriting guidelines are and whether the misrepresentations were material, even if that employee would not have written the policy. Furthermore, defendant has not offered anything to confirm that Austin did know, or should have known, that her license had previously been suspended and, thus, misrepresented that her license was in good standing during her insurance application.

This is not to state that defendant cannot succeed on a defense of rescission in a subsequent motion for summary disposition under MCR 2.116(C)(10) or at trial. It seems clear that Austin made misrepresentations in her application for insurance from defendant, but defendant has not yet substantiated that those misrepresentations were material or that Austin knew or should have known about her license being suspended.

Even though the trial court's reasoning was misplaced, its conclusion to deny defendant's motion for summary disposition was correct because, on the current record, there remains a genuine issue of material fact concerning Austin's misrepresentations. "A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Dep't of Transp*, 256 Mich App, 1, 3; 662 NW2d 822 (2003).

Lastly, plaintiff argues that the factors for balancing the equities weigh against rescission, when analyzing whether it was an innocent third-party to the fraud, and defendant argues that those same factors weigh in favor of rescission. "The remedy of rescission is granted only in the sound discretion of the court," and it is reviewed for an abuse of discretion. *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 596 (2020). The trial court did not evaluate whether the balancing of the equities required rescission, and, thus, this Court cannot determine whether the trial court abused its discretion in this regard. Therefore, this matter is not preserved for appellate review and it is remanded to the trial court for further proceedings.

Affirmed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Brock A. Swartzle
/s/ James Robert Redford