*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH FRANCIS SCHULER,

        Plaintiff-Appellant,

v

MARTIN SPRING & DRIVELINE,

        Defendant-Appellee.

UNPUBLISHED
December 09, 2025
12:22 PM

No. 374527
Kalamazoo Circuit Court
LC No. 2024-000538-CB

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Plaintiff, Joseph Francis Schuler, appeals as of right the trial court order granting summary disposition under MCR 2.116(C)(7) to defendant Martin Spring & Driveline. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On September 4, 2024, Schuler filed a summons and a "complaint" in the Kalamazoo Circuit Court. The "complaint" consisted of a SCAO form that listed the parties names and addresses, Schuler's signature, and the date that he signed the document. No further information was provided. Attached to the filing was an order from the small claims division of the district court dismissing with prejudice a matter between Schuler and Martin Spring & Driveline. That document indicated that there was "[n]o cause of action" and that "[i]ntentional torts [are] not within [the] court's subject matter jurisdiction pursuant to MCL 600.8424." An amended order was entered indicating that the judgment was filed after trial.

In response to Schuler's complaint, Martin Spring & Driveline filed a motion for summary disposition under MCR 2.116(C)(7), stating that Schuler's claim in the small claims division had been dismissed with prejudice and that Schuler's appeal of that decision had been denied. It noted that there were no factual allegations in Schuler's circuit court complaint. Yet, it appeared to Martin Spring & Driveline that, by attaching a copy of the small claims order of dismissal, Schuler was attempting to re-litigate the claim he had brought in that court.

-1-

Thereafter, Schuler filed an affidavit asking the court to extend his time to file a motion to amend his complaint. Two days later, he filed a motion to amend his complaint. In support, he alleged that the district court action was dismissed because the matter was considered "fraud," which was not actionable in the small claims division. He further stated that, contrary to MCL 257.1332, he had not been provided with an estimate of repairs; that the repairs completed were different than the repairs that he was charged for; and that multiple certified mechanics had advised that his vehicle needed "a complete new rear end" and the replacement of "several other now broken parts." Schuler added that his appeal was dismissed because he filed his appeal late.

Martin Spring & Driveline responded by detailing the factual background for Schuler's action in the small claims division. Specifically, it acknowledged that it had worked on Schuler's van in April 2024, and that Schuler had sued it regarding the work provided. Martin Spring & Driveline represented that the magistrate who had heard the case gave Schuler an opportunity to argue his case and then dismissed it after finding no cause for action. Given that the amendment sought to address the same "van work" that was already litigated in the small claims division of the district court, Martin Spring & Driveline argued that the amendment would be both futile and frivolous. Accordingly, it asked the court to deny the motion.

On December 9 2024, the circuit court ruled that it would grant Schuler's motion to amend, and it directed Schuler to prepare an order reflecting that ruling under the 7-day rule, MCR 2.602. In response, Schuler submitted an order stating:

> I am pleading to the courts [sic] that motion of judgement is done on this case, and I am awarded the full amount of the accepted amended complaint in this matter, for fraud and damages against me.

Unsurprisingly, Martin Spring & Driveline objected, noting that the proposed order did not reflect the court's ruling.

Subsequently, Schuler responded to the motion for summary disposition by stating that his claim was dismissed because it was "fraud" and he alleged that he was never given a diagnostic of his vehicle damage under MCL 257.1332, that he did not receive an itemized invoice, that his van was worse and had new damage after the repairs were completed, that he brought his claim in the small claims division and appealed because he thought that was the correct next step, and that he had now filed in the circuit court "for justice." He added that he had been granted a motion to amend his original complaint. He did not, however, file an amended complaint.

On January 13, 2025, a hearing was held on Martin Spring & Driveline's motion to dismiss and on its objection to Schuler's proposed order. At the hearing, the court noted that no amended complaint had been filed. And, after hearing the parties arguments, the court granted Martin Spring & Driveline's motion to dismiss under MCR 2.116(C)(7).

On January 21, 2025, Schuler filed an amended complaint. He stated that he was amending his complaint to $25,000 "for complete lack of respect, and damage to my vehicle, and fraud as ordered by magistrate. The magistrate that wrote down, in writing, this was fraud. MCL 600.8424." He further alleged that Martin Spring & Driveline violated MCL 600.8424 by failing to provide him with a diagnostic on his vehicle before "damaging it and stealing money" from

him. Schuler added that he was overcharged because the job should have taken 3-5 hours, they took 4 hours, and they charged him for seven hours. Finally, he alleged that he could show that the vehicle was damaged and that no work was performed on it. Schuler also objected to the order proposed by Martin Spring & Driveline under the 7-day rule, contending (1) that the magistrate had written down and deemed "this fraud," (2) that he had paperwork showing that he had been defrauded, and (3) that he had legal documentation proving that Martin Spring & Driveline had damaged his vehicle. No documentation was provided. Finally, Schuler filed a motion for an extension of time to file the "paperwork needed by the courts."

The court, however, entered the order proposed by Martin Spring & Driveline and denied Schuler's motion. An order dismissing Schuler's case was entered on the same day. This appeal follows.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Schuler argues that the trial court erred by summarily dismissing his complaint. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering*, *Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

### B. ANALYSIS

Schuler maintains that Martin Spring & Driveline violated various provisions in the Motor Vehicle Service and Repair Act, MCL 257.1301 *et seq.* He argues that, as a result of the statutory violations, any lien asserted by Martin Spring & Driveline is invalid under MCL 257.1307d. The trial court did not reach those questions because it summarily dismissed Schuler's complaint under MCR 2.116(C)(7). Thus, because the issue was never reached in the trial court, the issue on appeal is not whether Martin Spring & Driveline violated the Motor Vehicle Service Repair Act. Rather, it is whether the trial court erred by dismissing Schuler's complaint under MCR 2.116(C)(7).

In challenging that dismissal, Schuler argues that the trial court failed to consider the "documentary evidence," which resulted in a deprivation of his due process rights. Schuler does not identify the documentary evidence that the court allegedly failed to consider. Based upon our review of the record, however, the documentary evidence included: (1) the order and amended order dismissing Schuler's claim against Martin Spring & Schuler in the small claims division; (2) documentation showing that the appeal of that decision was denied following a hearing; the affidavit that Schuler submitted to the small claims court; and an affidavit from one of the owners of Martin Spring & Driveline. At the hearing on the motion, the trial court noted that it had reviewed the documentation submitted by the parties. That would necessarily include all the documents submitted as exhibits. Because the court considered the documentary evidence, Schuler's challenge is without merit.

Schuler next asserts that the trial court erred by dismissing his claim because the small claims court dismissed his earlier case for lack of jurisdiction based upon the small claims court finding that there was fraud. The small claims amended order of dismissal expressly states that it is a dismissal with prejudice entered after trial. It also states that the court found that there was

"No cause of action" and that any intentional torts would not fall within its subject-matter jurisdiction under MCL 600.8424. Under MCL 600.8424, "[a]ctions of fraud and actions of libel, slander, assault, battery, or other intentional torts shall not be instituted in the small claims division." Notably, although MCL 600.8424 deprives the small claims division of subject-matter jurisdiction over fraud claims, the court stated that there was no subject-matter jurisdiction over intentional torts, not fraud. Indeed, the court's order is devoid of any mention of fraud. Consequently, based upon the language in the order, it is apparent that the small claims division resolved some of the claims raised by Schuler in small claims, but that it did not resolve any intentional tort claims. As such, Schuler's assertion that the small claims division found "fraud" is, therefore, not supported by the record.

Moreover, to the extent that Schuler was attempting to raise a fraud claim in the circuit court, his pleadings were wholly deficient. Contrary to MCR 2.111(B)(1), Schuler's "complaint" did not include "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend." Instead, absolutely no facts were stated in the complaint, save for the names of the parties. Further, Schuler's complaint did not comply with MCR 2.112(B)(1), which requires that when raising an allegation of fraud or mistake, that "the circumstances constituting fraud or mistake must be stated with particularity." Rather than stating anything with particularity, Schuler stated nothing in his complaint.

In his reply brief on appeal, Schuler notes that he listed "fraud, larceny, [and] deception" as separate claims in his claim before the small claims division. Yet, given that he failed to plead fraud in the circuit court, that fact is of no consequence. The pleading requirements must be satisfied in the *circuit court* in order to properly bring a claim in the circuit court.

Schuler next argues that he was denied due process because summary disposition was granted before he was permitted to "submit a corrected amended complaint." Yet, the court ruled that Schuler could submit an amended complaint and directed him to submit the order reflecting that ruling under the 7-day rule. Rather than comply with the directive, Schuler submitted an order proclaiming that he had won the case. And before the hearing on the motion to dismiss, Schuler did not submit the amended complaint that the court had ruled he was permitted to submit. In sum, because the court permitted Schuler to amend the complaint before the hearing on the motion to dismiss, the court clearly did not deprive Schuler of due process. Rather, it was Schuler's failure to avail himself of the opportunity to submit an amended complaint that resulted in the court dismissing his claim without consideration of an amended complaint.

Turning now to the merits of Schuler's claim on appeal, Schuler contends in general terms that dismissal based upon res judicata was improper. However, "[i]t is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Notwithstanding Schuler's abandonment of this issue, this Court retains discretion to review the matter. See *King v Mich State Police Dep't*, 303 Mich App 162, 176; 841 NW2d 914 (2013) (reviewing an issue after determining a party abandoned it by failing to cite sufficient authority in support).

A claim is precluded by res judicata if "(1) the prior action was decided on the merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second case was or could have been resolved in the first, and (4) both actions involved the same parties or their privies." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 10; 672 NW2d 351 (2003). As an initial matter, it is plain that the decision in the prior case was a final decision and that both cases involve the same parties. Next, the record reflects that at least part of the first action was decided on the merits given that there was a finding of no cause of action following a trial. However, the court also noted that it dismissed the intentional tort claims because it lacked jurisdiction over those claims. Thus, at least any intentional torts raised in the earlier claim are not precluded by res judicata because, under MCL 600.8424, such claims could not have been raised in the earlier action in the small claims court. Moreover, the third element of res judicata cannot be determined on the present record. Rather, because Schuler's complaint made no allegations of fact and pleaded no causes of action, it is impossible to determine whether the matter in this case could have been resolved in the prior case. Stated differently, the analysis under the third element requires a consideration of the claims raised in both cases and the factual allegations supporting each action. Thus, when *no claims* are raised in the second action, no analysis of this element of res judicata is possible. The trial court, therefore, erred by summarily dismissing the claim under MCR 2.116(C)(7).

Nevertheless, summary disposition was undeniably warranted under MCR 2.116(C)(8). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint" and all "well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "When deciding a motion brought under this section, a court considers only the pleadings." *Id*. at 119-120. The motion may be granted only when the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. at 119. Here, Schuler made no well-pleaded factual allegations. Having alleged no claims, Schuler's complaint failed to state a claim upon which relief could be granted and summary disposition should have been granted under MCR 2.116(C)(8). Accordingly, despite the court's incorrect dismissal under MCR 2.116(C)(7), the court reached the proper result. "A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Affirmed. No taxable costs are awarded. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney

-5-