*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARY FREE BED REHABILITATION
HOSPITAL,

UNPUBLISHED
March 09, 2026
1:41 PM

Plaintiff-Appellant,

v

No. 376031
Kent Circuit Court
LC No. 24-006377-NF

PROGRESSIVE MICHIGAN INSURANCE
COMPANY and CITIZENS INSURANCE
COMPANY OF THE MIDWEST,

Defendants-Appellees,

and

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

Defendant.

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right an opinion and order granting its motion for reconsideration under MCR 2.119(F)(1). The trial court entered a judgment of $49,215.03 in plaintiff's favor, but did not award attorney fees. Plaintiff argues on appeal that the court erred by declining to award attorney fees under MCL 500.3148(1). We affirm.

## I. FACTUAL BACKGROUND

This case arises from injuries sustained by claimant John David-Garrett Wolbert in a July 2023 motor vehicle accident. Wolbert was transported for acute care and subsequently received inpatient rehabilitation services from plaintiff Mary Free Bed Rehabilitation Hospital. Plaintiff billed for those services, but payment was not made. Notably, at the time of the accident, Wolbert did not maintain an automobile insurance policy in his own name. The vehicle involved was

-1-

owned by his father, and his mother held an automobile insurance policy issued by defendant Progressive Michigan Insurance Company that provided personal protection insurance benefits. Progressive denied coverage, asserting that Wolbert was not domiciled in his parents' household at the time of the accident. Progressive's position was based on information indicating that Wolbert had been formally evicted from his parents' home several months before the accident and was not physically residing there. Plaintiff sought benefits through the Michigan Automobile Insurance Placement Facility (MAIPF), which assigned the claim to defendant Citizens Insurance Company of the Midwest.

Plaintiff thereafter filed this action, seeking payment of no-fault benefits from Progressive as the highest-priority insurer, or alternatively from Citizens as the assigned claims insurer. Plaintiff also sought statutory penalty interest and attorney fees. During the proceedings, plaintiff and Progressive filed competing motions for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). Plaintiff argued that Wolbert remained domiciled with his parents because he had not established a new domicile and that Progressive therefore had priority for payment of benefits. Conversely, Progressive argued that Wolbert's eviction, lack of physical presence, and expressed intent not to return to his parents' home precluded a finding of domicile as a matter of law.

The trial court issued an opinion determining that, despite the April 2023 eviction, Wolbert was domiciled with his parents at the time of the accident because he had not established a new domicile. The court granted summary disposition in favor of plaintiff on the issue of insurer priority. However, the court denied summary disposition regarding the amount of benefits owed, concluding that a question of fact existed as to the reasonableness of plaintiff's charges. The court also determined that plaintiff was not entitled to penalty interest or attorney fees under MCL 500.3148(1). The court reasoned that attorney fees were not warranted because a bona fide factual uncertainty existed regarding both the insurer's obligation to pay and the reasonableness of the charges. The court additionally determined that Progressive's denial of benefits was not unreasonable or made in bad faith, as its arguments concerning domicile and alleged fraud were grounded in legitimate factual and legal disputes.

Plaintiff moved for reconsideration, asserting that Progressive had never audited, challenged, or partially paid the charges and therefore had not created a genuine issue of material fact regarding reasonableness. Regarding attorney fees, plaintiff stated that it was not waiving its right to challenge the denial of attorney fees in the trial or appellate courts.

On reconsideration, the court concluded that it had erred in finding a factual dispute on reasonableness where Progressive had never evaluated or challenged the charges. The court entered a judgment in favor of plaintiff in the amount of $49,215.03, consisting of $42,671.41 in allowable expenses and $6,543.62 in penalty interest, and closed the case. The judgment did not include attorney fees. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by failing to award it attorney fees under MCL 500.3148(1). We disagree.

A request for attorney fees under MCL 500.3148(1) presents a mixed question of law and fact. *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008). "What constitutes reasonableness is a question of law, but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact." *Ross v Auto Club Group*, 481 Mich 1, 7; 748 NW2d 552 (2008). We review questions of law de novo and the trial court's factual findings for clear error. *Id*.

MCL 500.3148(1) provides that an insurer is liable for a claimant's reasonable attorney fees "if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment." Once benefits are overdue, the insurer's refusal or delay is presumed to be unreasonable. *Ross*, 481 Mich at 11. The insurer may rebut that presumption "by showing that the refusal or delay is the product of a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Id*.

The dispositive question in this appeal is not whether Progressive was ultimately correct on the issue of coverage, but whether its position at the time payment was withheld was unreasonable, given that it appeared Wolbert was not living with—i.e., domiciled—with his parents when the accident occurred. Generally, a person retains an existing domicile until a new one is acquired. *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 494-495; 835 NW2d 363 (2013). However, the application of that principle in the no-fault context is highly fact dependent. *Id*. The concept of a person's "domicile," for purposes of the no-fault act, MCL 500.3101 *et seq*., is not determined by a single factor. Instead, domicile is determined through consideration of multiple indicia, including:

> (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household"; (2) the formality or informality of the relationship between the person and the members of the household; (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises, [and] (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household[.] [*Workman v DAIIE*, 404 Mich 477, 496-497; 274 NW2d 373 (1979) (citations and footnote omitted).]

Stated differently, whether a person may be considered to have their domicile in a particular location depends on a number of factors, such as physical presence, intent to remain, and the nature of the individual's relationship to the household. *Id*.

Here, the record supports Progressive's position that its initial denial of payment was based on a bona fide factual uncertainty. The evidence before the court at the time of its decision included sworn testimony that Wolbert had been formally evicted. His belongings were removed from his parents' home, he did not stay in their home overnight, and Wolbert affirmatively stated that he did not intend to return. Wolbert further described himself as homeless and transient during the relevant period. These facts bore directly on the intent and physical presence factors relevant to the determination of his domicile. *Id*. Further, while Progressive did not identify a specific alternative domicile for Wolbert at the time of its denial, MCL 500.3148(1) does not require an insurer to conclusively establish a new domicile to rebut the presumption of unreasonableness.

Instead, it is sufficient that Progressive's refusal to pay was grounded in a legitimate, fact-dependent dispute concerning whether Wolbert remained domiciled in his parents' household. Accordingly, the court did not err by declining to award attorney fees under MCL 500.3148(1).

Plaintiff nevertheless maintains that the trial court erred because it expressly found that Progressive's arguments regarding Wolbert's domicile were not "made in bad-faith or as a dilatory tactic . . . ." Plaintiff is correct that the governing inquiry under MCL 500.3148(1) is whether the insurer rebutted the presumption that its refusal or delay was unreasonable by demonstrating a legitimate question of law or bona fide factual uncertainty. *Ross*, 481 Mich at 11; 748 NW2d 552 (2008). While a showing of bad faith is neither required nor dispositive under MCL 500.3148(1), the absence of bad faith does not undermine the court's ruling where, as here, the insurer's refusal to pay was supported by a bona fide factual uncertainty. Because the objective reasonableness of the denial provides an independent and sufficient basis to deny attorney fees, any reference to bad faith does not warrant reversal. See *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

Ultimately, regardless of Progressive's subjective intent, the record established a genuine and fact-intensive dispute concerning Wolbert's domicile at the time payment was withheld. Although the trial court resolved that question in plaintiff's favor, MCL 500.3148(1) does not impose attorney-fee liability merely because the insurer's position was unsuccessful. Indeed, "an insurer's initial refusal to pay benefits under Michigan's no-fault insurance statutes can be deemed reasonable even though it is later determined that the insurer was required to pay those benefits." *Moore*, 482 Mich at 525. Because Progressive's denial and delay were grounded in a legitimate factual dispute and reasonable application of governing law, the trial court did not err in declining to award attorney fees. Plaintiff is not entitled to relief.

Affirmed.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick

-4-